UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darryl L. Price,                                                              Case No.  3:22-cv-02338

        Plaintiff

v.                                                                                       MEMORANDUM OF OPINION
                                                                                           AND ORDER

City of Port Clinton, Ohio, *et al.,*

        Defendants

### BACKGROUND AND HISTORY

*Pro se* Plaintiff Darryl L. Price filed this action under 42 U.S.C. § 1983, and the Americans with Disabilities Act ("ADA") against the City of Port Clinton, Port Clinton Police Officer Nick Davenport, Port Clinton Police Officer John Suppelsa, and Ottawa County Municipal Court Judge Luis P. Wargo, III.  In the Complaint, Plaintiff alleges he was arrested and detained on charges of OVI when he was only under the influence of prescription medication.  He claims, without explanation, that his Fifth and Fourteenth Amendment rights were violated.  He further indicates he is disabled, and the Defendants violated the ADA.  He seeks monetary damages.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2).  That Motion is granted.

Plaintiff alleges that on August 20, 2020, he went fishing in Port Clinton, Ohio. He claims he arrived at 6:00 p.m. and fished for approximately three hours. At or near 9:00 p.m., he became tired and decided to stop for the night. He states he left his fishing gear at that location, hoping to return to it the next day. He claims he drove his SUV truck to a nearby gas station and parked it in the handicapped spot right in front of the entryway. Plaintiff indicates he is disabled, stating he has amputated legs. He contends he turned off the engine, removed the keys from the ignition, lowered the back of his seat, locked the doors, and went to sleep.

A few hours later, Plaintiff was awakened by two uniformed officers asking if he was okay. Plaintiff responded that he was fine. The officers requested that he step out of his vehicle and asked him if he was under the influence of drugs or alcohol. Plaintiff claims he told the officers he was only under the influence of medication prescribed by his doctor. The officers asked him to perform a series of activities to test his sobriety. Plaintiff claims he could only partially perform these tasks due to his disability. The officers then placed him in the back of the police car, indicating to Plaintiff that they believed he was under the influence of something. Plaintiff claims he again informed them he had taken prescription medication.

The officers transported him to the Ottawa County Detention Center where they took blood and urine samples. The urine tested positive, but Plaintiff does not indicate for which drug it yielded a positive result. He states he was held in jail but was told to call friends or family members to pick him up. Plaintiff contends he was released to a friend the following day, August 21, 2020. He indicates he went to see his family physician because the prescription for the medication he had taken the previous evening had expired. He further indicates the positive urine test supported the administrative suspension of his license. He does not indicate whether he was charged with any criminal or traffic offenses, and if so, how those charges were resolved.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**ANALYSIS**

As an initial matter, all of the claims asserted by Plaintiff in his Complaint are untimely. The incident in question took place on August 20, 2020, through August 21, 2020. Plaintiff does not provide allegations for events beyond these dates. The statute of limitations for an action under 42 U.S.C. § 1983 is two years. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir.

1995) (Ohio's two-year statute of limitations for bodily injury applies to section 1983 claims).  The statute of limitations for an ADA claim is also two years. *McCormick v. Miami Univ.*, 693 F.3d 654, 662-64 (6th Cir. 2012).  He filed this action on December 30, 2022, beyond the expiration of the statute of limitations.

Moreover, even if his claims were timely filed, Plaintiff would have failed to state a claim for relief under the ADA.  The ADA "forbids discrimination against persons with disabilities in three major areas of life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004).

Title II of the ADA prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" is defined, in relevant part, as "any State or local government." 42 U.S.C. § 12131(1)(A).

The ADA, however, does not permit public employees or supervisors to be sued in their individual capacities. *Williams v. McLemore*, 247 Fed. Appx. 1, 8 (6th Cir. 2007); *Lee v. Mich. Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004).  His ADA claims against Davenport, Suppelsa, and Wargo must be dismissed as they are not public entities as defined by the statute.  Furthermore, Plaintiff is not claiming that the City of Port Clinton excluded him from participating in services or activities of the City of Port Clinton.  Indeed, he was prevented from spending the night sleeping in the parking lot of a privately owned gas station.  There are no allegations suggesting he was barred from participating in an activity or program based on his disability.

4

Title III of the ADA applies only to private entities operating public accommodations and services. 42 U.S.C. § 12182(a). Title III It expressly does not apply to public entities such as cities, counties, and states, or to their departments. *See* 42 U.S.C. §§ 12131(1), 12181(6). None of the named Defendants is a private entity operating a public accommodation.

Plaintiff also asserts claims under 42 U.S.C. § 1983, stating that the Defendants violated his Fifth and Fourteenth Amendments. He does not explain these claims, stating only that "§ 1983 requires courts to hold Defendants 'liable to unlawful government act that is, among other things, that is abuse of authority, or otherwise not in accordance with the law,' 'contrary to the constitutional right, power, privilege or immunity' secured by the Constitution." (Doc. No. 1 at 6). It appears from this statement that Plaintiff may be attempting to assert a claim for denial of substantive due process.

Claims for denial of substantive due process involve official acts which cause a deprivation of a substantive fundamental right, *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993), or "shock the conscience," *United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.* By his own allegations, Plaintiff was under the influence of prescription medication sleeping in a vehicle parked on private property. Although the keys were not in the ignition, they were readily accessible to him. The officers took him into custody and released him to friends or family the following day. None of the allegations suggest that the officer acted in a way that is so severe and disproportionate to the situation that it shocks the conscience. Nothing in the Complaint suggests the officers deprived him of substantive due process.

Finally, Plaintiff also states the Defendants' conduct was motivated by "malicious hatred of person of color." (Doc. No. 1 at 6). To the extent he is attempting to make an equal protection claim, he fails to do so. There are no facts alleged in the Complaint that suggest that Plaintiff was treated differently than any other individual who police encounter under the circumstances described here.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge